<hr/>

## CARMICHAEL and Another *v.* HOLLOWAY.

The words "to final judgment," in the condition of an appeal-bond, are sufficient, instead of the words "to effect."

APPEAL from the *Henry* Circuit Court.                 <span style="float:right">*Tuesday, December* 1.</span>

PERKINS, J.—*Carmichael* and *Rush* appealed from the
judgment of a justice of the peace.   The condition of the
appeal-bond read:

"Now if said *Carmichael* and *Rush* shall prosecute their
appeal to final judgment, and pay such judgment as may
be rendered against them on such appeal," &c.

In the Circuit Court, a motion was made and sustained
to dismiss the appeal, because the bond did not read "to
effect," instead of "to final judgment."   See 2 R. S., p.
462, s. 65.   The section of the statute providing for the
appeal, uses the words "to effect," and the form given in

the statute for the bond, uses the words "to final judgment." The bond, in this case, was drawn from the statutory form. 2 R. S. p. 479.

We think the bond sufficient. The condition to pay what might be adjudged against the obligors, would be broad enough to secure the rights of all, if judgment was rendered against them. And the condition to prosecute to final judgment would secure all, if they failed to prosecute.

Interpreting the language of the section of the statute relative to the appeal, by the form given for the bond, we hold that a substantial compliance with the former is sufficient.

*Per Curiam.*— The judgment is reversed, with costs. Cause remanded for trial.

*W. Grose*, for the appellants.